**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

CHRISTOPHER WELKER,
REG. #30124-044                                                                                                  PLAINTIFF

V.                                              2:11-cv-00107-JTK

UNITED STATES OF AMERICA, et al.                                                    DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motions to Appoint Counsel and for Clarification (Doc. Nos. 50, 51).

While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d 1319, 1322 (8th Cir. 1986). In evaluating Plaintiff's request, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id.. at 1322-23.

Having considered the above factors, the Court finds that Plaintiff's Motion for Counsel should be denied. Plaintiff's claims are not legally or factually complex and he appears capable at this time of litigating this matter, pro se. Therefore, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

In his Motion to Clarify (Doc. No. 51), Plaintiff asks how why the Court permitted Defendants to file a "motion" without the Court's permission. Specifically, Plaintiff states that

1

Defendants filed a Response to his Motion to Amend on January 17, 2012, and the Court did not rule on Plaintiff's Motion until later that same date, referring to docket entries 44 and 45.  The Court grants Plaintiff's Motion to the extent that it explains that Defendants did not need Court permission to file their Response, and that the Response filed on January 17, 2012 was to Plaintiff's Motion to Amend, filed January 3, 2012.  Defendants have not yet supplemented their Motion to Dismiss, as referenced in the Court's January 17, 2012 Order (Doc. No. 45).  Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. No. 50) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Clarification (Doc. No. 51) is GRANTED.

IT IS SO ORDERED this 30th day of January, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE